## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| THOMAS CONLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-1135 |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PEKIN PARK DISTRICT BOARD OF | ) | |
| COMMISSIONERS, ROBERT BLACKWELL, | ) | |
| and CAMERON BETTIN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, THOMAS CONLIN, by and through his attorneys, JULIE L. GALASSI, DUSTIN R. JENSEN, and HASSELBERG, ROCK, BELL & KUPPLER, LLP, states the following for his COMPLAINT against Defendants, PEKIN PARK DISTRICT BOARD OF COMMISSIONERS, ROBERT BLACKWELL, and CAMERON BETTIN:

### FACTUAL ALLEGATIONS

### PARTIES

1. Defendant, Pekin Park District Board of Commissioners (the "Board"), has employed Plaintiff, Thomas Conlin ("Conlin"), since 1989. The Board is located in Tazewell County Illinois. At all relevant times, the Board constituted an "employer" pursuant to 29 U.S.C. 203(d) and 820 ILCS 105/3(c).

2. Defendant, Robert Blackwell ("Blackwell"), resides Tazewell County, Illinois. At all relevant times, Blackwell constituted an "employer" pursuant to 29 U.S.C. 203(d) and 820 ILCS 105/3(c).

3.     Defendant, Cameron Bettin ("Bettin"), resides in Tazewell County, Illinois. At all relevant times, Bettin constituted an "employer" pursuant to 29 U.S.C. 203(d) and 820 ILCS 105/3(c).

4.     Conlin resides in Tazewell County, Illinois. At all relevant times, Conlin constituted an "employee" pursuant to 29 U.S.C. 203(e) and 820 ILCS 105/3(d).

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. 216(b) and 28 U.S.C. 1331 and 1367.

6.     The Central District of Illinois, Peoria Division, is the proper venue for this matter pursuant to 28 U.S.C. 1391(b)(1) and (2), because the Defendants reside in Tazewell County, Illinois and a substantial part of the events giving rise to Conlin's claims occurred in the Central District of Illinois, Peoria Division.

## CONLIN'S EMPLOYMENT

7.     The Board hired Conlin on June 29, 1989 as a part time Pekin Park District Police Officer. On November 22, 1993, Conlin was promoted to the full-time position of Pekin Park District Police Chief.

8.     Since 1989, the Board has implemented a policy whereby police officers receive one and one-half times their regular pay for all hours worked over forty hours in a single week. It has also implemented a policy whereby officers receive compensation for at least two hours for all work performed while they are on call regardless of the actual amount of time worked while on call.

9.     Since 1993, Conlin has regularly worked fifty hours or more as well as working on call and during call outs.

10.     The Board has never compensated Conlin for hours worked in excess of forty hours in a single week. The Board also never compensated Conlin for a minimum of two hours when he worked while on call.

11.     During the late spring of 2006, Conlin received information that he should receive overtime pay. Shortly thereafter, he informed his then-supervisor that he should receive overtime pay for hours worked in excess of forty hours per week pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq* (the "FLSA"). Conlin's then-supervisor told him he would discuss the issue with Blackwell, the Park District's Director.

12.     After receiving no response from his supervisor, in August 2006 Conlin approached Blackwell about his entitlement to overtime wages and provided him information from the U.S. Department of Labor website. In response, Blackwell implicitly threatened to terminate Conlin. Fearful of losing his job, Conlin did not raise the issue again.

13.     After August 2006, Conlin was regularly reminded to keep labor costs low. Conlin was regularly implicitly reminded by Blackwell that his failure to maintain low labor costs could result in the elimination of the Park District Police Department.

14.     In December 2014, Bettin replaced Blackwell as the Pekin Park District Director.

15.     In March 2016, Conlin approached Bettin about the fact that he should be paid overtime wages. Bettin told Conlin he would have the problem corrected. Bettin also indicated that the Board would remedy its previous failure to pay Conlin overtime via back pay or comp time.

16.     In June 2016, Bettin approved Conlin's budget for the Pekin Park District Police Department. Bettin did not address Conlin's back pay/comp time.

17.     In or around June 2016, Conlin began reporting his overtime hours to Bettin. Bettin instructed Conlin to try to not work more than forty hours per week. In the event that Conlin had to work over forty hours per week, Bettin told Conlin to try to take comp time to make up for his overtime.

18.     Conlin's job duties did not make it possible to take comp time to make up for the overtime hours that he worked.

19.     From the summer of 2016 until December 2016, Bettin avoided numerous requests by Conlin to discuss the overtime issue. Shortly before December 8, 2016, Bettin responded to Conlin's request to discuss his overtime payment by stating, "you lost me when you said overtime."

20.     On December 8, 2016, Conlin made a written request for overtime pay and a reclassification as a non-exempt employee. After some correspondence back and forth with Bettin, the Board tendered a check to Conlin on January 27, 2017. The check did not fully compensate Conlin for the Board's failure to pay him overtime.

21.     On February 15, 2017, the Board informed Conlin that he would not become eligible for overtime payment, of one and one-half time his regular rate of pay, until he had worked in excess of forty-three hours in a given week. The Board calculated Conlin's regular rate of pay be dividing his annual salary by 2,236 hours (e.g. fifty-two, forty-three hour-work-weeks). The Board's calculation effectively reduced Conlin's income by at least $4.00 per hour.

22.     On February 15, 2017, the Board also notified Conlin that he would not receive any additional compensation for working while on call. Conlin was notified that he was not going to be classified as an hourly employee and was expected to continue to take calls at any time.

23.     Upon information and belief, with respect to all other police officers, the Board continues to implement the overtime and on-call payment policies described in paragraph 8 *supra*.

**COUNT I**
**VIOLATION OF §207 OF THE FLSA**
**BY THE BOARD**

24.     Conlin realleges and incorporates paragraphs 1-24 into this Count.

25.     The FLSA requires the payment of one and one-half times an employee's regular rate of pay for overtime hours worked.

26.     Conlin is an employee eligible for the payment of overtime pay under the FLSA.

27.     From at least the spring of 2006 until February 2017, the Board had knowledge of its obligation to pay overtime wages to Conlin and refused to pay Conlin overtime wages.

28.     Since at least the spring of 2006, the Board had knowledge that Conlin was working on average at least 50 hours a week.

29.     The Board knowingly and willfully refused to pay overtime wages to Conlin even though it has paid overtime wages to other employees.

30.     The Board's wrongful conduct induced Conlin to delay filing a claim for overtime compensation.

WHEREFORE Plaintiff, Thomas Conlin, respectfully requests that this Court enter judgment in his favor and against Defendant, Pekin Park District Board of Commissioners, and grant the following relief:

A.  Damages equal to the amount of:

    i.  Lost wages or other compensation denied or lost to Conlin; and

    ii. Liquidated damages equal to the sum of the amount described in (i).

B.  An award of Plaintiff's attorney fees, including legal expenses, and costs; and

C.  Such further relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF §207 OF THE FLSA
## BY BLACKWELL

31.　　Conlin realleges and incorporates paragraphs 1-24 into this Count.

32.　　The FLSA requires the payment of one and one-half times an employee's regular rate of pay for overtime hours worked.

33.　　Conlin is an employee eligible for the payment of overtime pay under the FLSA.

34.　　From at least the spring of 2006 until December 2014, Blackwell had knowledge of the Board's obligation to pay overtime wages to Conlin and refused to pay Conlin overtime wages.

35.　　Since at least the spring of 2006, Blackwell had knowledge that Conlin was working on average at least 50 hours a week.

36.　　Blackwell knowingly and willfully refused to cause the Board to pay overtime wages to Conlin even though he had the authority to do so and has done so with respect to other employees.

37.　　Blackwell's wrongful conduct induced Conlin to delay filing a claim for overtime compensation.

WHEREFORE Plaintiff, Thomas Conlin, respectfully requests that this Court enter judgment in his favor and against Defendant, Robert Blackwell, and grant the following relief:

A.  Damages equal to the amount of:

　　i.  Lost wages or other compensation denied or lost to Conlin; and

　　ii.  Liquidated damages equal to the sum of the amount described in (i).

B.  An award of Plaintiff's attorney fees, including legal expenses, and costs; and

C.  Such further relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF §207 OF THE FLSA
## BY BETTIN

38.     Conlin realleges and incorporates paragraphs 1-24 into this Count.

39.     The FLSA requires the payment of one and one-half times an employee's regular rate of pay for overtime hours worked.

40.     Conlin is an employee eligible for the payment of overtime pay under the FLSA.

41.     From at least December 2014 until February 2017, Bettin had knowledge of the Board's obligation to pay overtime wages to Conlin and refused to pay Conlin overtime wages.

42.     Since at least December 2014, Bettin had knowledge that Conlin was working on average at least 50 hours a week.

43.     Bettin knowingly and willfully refused to cause the Board to pay overtime wages to Conlin even though he had the authority to do so and has done so with respect to other employees.

44.     Bettin's wrongful conduct induced Conlin to delay filing a claim for overtime compensation.

WHEREFORE Plaintiff, Thomas Conlin, respectfully requests that this Court enter judgment in his favor and against Defendant, Cameron Bettin, and grant the following relief:

A.  Damages equal to the amount of:

   i.   Lost wages or other compensation denied or lost to Conlin; and

   ii.  Liquidated damages equal to the sum of the amount described in (i).

B.  An award of Plaintiff's attorney fees, including legal expenses, and costs; and

C.  Such further relief as the Court deems just and equitable.

## COUNT IV
## RETALIATION IN VIOLATION OF §215 OF THE FLSA
## BY THE BOARD

45.     Conlin realleges and incorporates paragraphs 1-24 into this Count.

46.     The FLSA makes it unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed a complaint concerning violations of the FLSA.

47.     Conlin is an employee eligible for the payment of overtime pay under the FLSA.

48.     The Board retaliated against Conlin because of his written complaint about the Board's unlawful refusal to pay him overtime compensation in at least the following ways:

    a.  Decreasing his hourly compensation;

    b.  Refusing to pay overtime compensation for hours worked in excess of 40 hours a week, as was its policy prior to Conlin's complaint; and

    c.  Refusing to pay compensation for on call hours worked regularly paid to all other officers in the department.

WHEREFORE Plaintiff, Thomas Conlin, respectfully requests that this Court enter judgment in his favor and against Defendant, Pekin Park District Board of Commissioners, and grant the following relief:

    A.  Damages equal to the amount of:

        i.  Lost wages or other compensation denied or lost to Conlin;

        ii.  Liquidated damages equal to the sum of the amount described in (i); and

        iii.  Emotional distress suffered by Conlin as determined by a jury.

    B.  An injunction requiring the Board to treat Conlin consistent with its pre-complaint policies as they relate to all officers;

    C.  An award of Plaintiff's attorney fees, including legal expenses, and costs; and

D.  Such further relief as the Court deems just and equitable.

<strong>COUNT V</strong><br/>
<strong>RETALIATION IN VIOLATION OF §215 OF THE FLSA</strong><br/>
<strong>BY THE BETTIN</strong>

49.     Conlin realleges and incorporates paragraphs 1-24 into this Count.

50.     The FLSA makes it unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed a complaint concerning violations of the FLSA.

51.     Conlin is an employee eligible for the payment of overtime pay under the FLSA.

52.     Bettin retaliated against Conlin because of his written complaint about the Board's unlawful refusal to pay him overtime compensation in at least the following ways:

a.  Decreasing his hourly compensation;

b.  Refusing to pay overtime compensation for hours worked in excess of 40 hours a week, as was its policy prior to Conlin's complaint; and

c.  Refusing to pay compensation for on call hours worked regularly paid to all other officers in the department.

WHEREFORE Plaintiff, Thomas Conlin, respectfully requests that this Court enter judgment in his favor and against Defendant, Cameron Bettin, and grant the following relief:

A.  Damages equal to the amount of:

i.  Lost wages or other compensation denied or lost to Conlin;

ii.  Liquidated damages equal to the sum of the amount described in (i); and

iii.  Emotional distress suffered by Conlin as determined by a jury.

B.  An injunction requiring Bettin to treat Conlin consistent with the Board's pre-complaint policies as they relate to all officers;

C.  An award of Plaintiff's attorney fees, including legal expenses, and costs; and

D. Such further relief as the Court deems just and equitable.

**COUNT VI**
**VIOLATION OF SECTION 4A OF THE**
**ILLINOIS MINIMUM WAGE ACT ("IMWA")**
**BY THE BOARD**

53. Conlin realleges and incorporates paragraphs 1-21 into this Count.

54. The IMWA requires the payment of one and one-half times an employee's regular rate of pay for overtime hours worked.

55. Conlin is an employee eligible for the payment of overtime pay under the IMWA.

56. From at least the spring of 2006 until February 2017, the Board had knowledge of its obligation to pay overtime wages to Conlin and refused to pay Conlin overtime wages.

57. Since at least the spring of 2006, the Board had knowledge that Conlin was working on average at least 50 hours a week.

58. The Board knowingly and willfully refused to pay overtime wages to Conlin even though it has paid overtime wages to other employees.

59. The Board's wrongful conduct induced Conlin to delay filing a claim for overtime compensation.

WHEREFORE Plaintiff, Thomas Conlin, respectfully requests that this Court enter judgment in his favor and against Defendant, Pekin Park District Board of Commissioners, and grant the following relief:

A. Damages equal to the amount of:

i. Lost wages or other compensation denied or lost to Conlin;

ii. 2% of the amount described in clause (i) for each month following the date of payment during which such underpayments remain unpaid;

B. An award of Plaintiff's attorney fees, including legal expenses, and costs; and

C.  Such further relief as the Court deems just and equitable.

**COUNT VII**
**VIOLATION OF SECTION 4A OF THE IMWA**
**BY BLACKWELL**

60.     Conlin realleges and incorporates paragraphs 1-21 into this Count.

61.     The IMWA requires the payment of one and one-half times an employee's regular rate of pay for overtime hours worked.

62.     Conlin is an employee eligible for the payment of overtime pay under the IMWA.

63.     From at least the spring of 2006 until December 2014, Blackwell had knowledge of the Board's obligation to pay overtime wages to Conlin and refused to pay Conlin overtime wages.

64.     Since at least the spring of 2006, Blackwell had knowledge that Conlin was working on average at least 50 hours a week.

65.     Blackwell knowingly and willfully refused to cause the Board to pay overtime wages to Conlin even though he had the authority to do so and has done so with respect to other employees.

66.     Blackwell's wrongful conduct induced Conlin to delay filing a claim for overtime compensation.

WHEREFORE Plaintiff, Thomas Conlin, respectfully requests that this Court enter judgment in his favor and against Defendant, Robert Blackwell, and grant the following relief:

A.  Damages equal to the amount of:

   i.  Lost wages or other compensation denied or lost to Conlin;

   ii.  2% of the amount described in clause (i) for each month following the date of payment during which such underpayments remain unpaid;

B.  An award of Plaintiff's attorney fees, including legal expenses, and costs; and

C.  Such further relief as the Court deems just and equitable.

**COUNT VIII**
**VIOLATION OF SECTION 4A OF THE IMWA**
**BY BETTIN**

67.     Conlin realleges and incorporates paragraphs 1-21 into this Count.

68.     The IMWA requires the payment of one and one-half times an employee's regular rate of pay for overtime hours worked.

69.     Conlin is an employee eligible for the payment of overtime pay under the IMWA.

70.     From at least the spring of 2006 until December 2014, Bettin had knowledge of the Board's obligation to pay overtime wages to Conlin and refused to pay Conlin overtime wages.

71.     Since at least the spring of 2006, Bettin had knowledge that Conlin was working on average at least 50 hours a week.

72.     Bettin knowingly and willfully refused to cause the Board to pay overtime wages to Conlin even though he had the authority to do so and has done so with respect to other employees.

73.     Bettin's wrongful conduct induced Conlin to delay filing a claim for overtime compensation.

WHEREFORE Plaintiff, Thomas Conlin, respectfully requests that this Court enter judgment in his favor and against Defendant, Cameron Bettin, and grant the following relief:

A.  Damages equal to the amount of:

iii.   Lost wages or other compensation denied or lost to Conlin;

iv.   2% of the amount described in clause (i) for each month following the date of payment during which such underpayments remain unpaid;

B.  An award of Plaintiff's attorney fees, including legal expenses, and costs; and

C. Such further relief as the Court deems just and equitable.


THOMAS CONLIN,
Plaintiff

By: /s/ Julie L. Galassi
JULIE L. GALASSI
DUSTIN R. JENSEN
HASSELBERG, ROCK, BELL & KUPPLER, LLP
Suite 200 Associated Bank Building
4600 North Brandywine Drive
Peoria, Illinois 61614-5591
Telephone:     (309) 688-9400
Facsimile:      (309) 688-9430
Email:          jgalassi@hrbklaw.com
                djensen@hrbklaw.com